In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-3066 & 01-3157

Patrick Wright,

Petitioner-Appellee/Cross-Appellant,

v.

Jonathan Walls,

Respondent-Appellant/Cross-Appellee.

Appeals from the United States District Court
for the Central District of Illinois.
No. 93 C 2105--Harold A. Baker, Judge.

On Petition for Rehearing
and Petition for Rehearing En Banc

Submitted May 7, 2002--Decided June 6, 2002


   Before FLAUM, Chief Judge, and EASTERBROOK
and WILLIAMS, Circuit Judges.

   On consideration of the petition for
rehearing and petition for rehearing en
banc filed by respondent-appellant, no
judge in active service has requested a
vote thereon, and the majority of judges
on the original panel have voted to deny
a rehearing. Circuit Judge Easterbrook
voted to grant rehearing. Accordingly,

   IT IS ORDERED that the aforesaid petition
for rehearing be DENIED.

   Easterbrook, Circuit Judge.  I would grant
the petition for rehearing to consider
the bearing of Saffle v. Parks, 494 U.S.
484 (1990), which neither the majority
nor my dissenting opinion discussed. (The
fault is not the state's, for Illinois
cited Parks in its appellate briefs and
again in its petition for rehearing. But
Wright did not respond on either occasion
and has never explained how his position
can be reconciled with that decision.)

   The judge in Parks instructed the jurors
that, when deciding whether to impose (or
refrain from imposing) a capital
sentence, "[y]ou must avoid any influence
of sympathy, sentiment, passion,
prejudice, or other arbitrary factor".
Id. at 487. A reasonable jury could have

understood the reference to "sympathy" to include sympathy generated by Parks's broken home and unhappy childhood. Parks argued that this instruction violated the rule Eddings v. Oklahoma, 455 U.S. 104 (1982), but the Supreme Court held that an anti-sympathy instruction is compatible with Eddings, provided that the court allows the defendant to introduce into evidence all factors the defendant believes to be mitigating. 494 U.S. at 489-93. Next the Court considered whether Eddings might be extended to condemn an anti-sympathy instruction and held that no such modification would be proper on collateral review. 494 U.S. at 493-95, relying on Teague v. Lane, 489 U.S. 288 (1989).

The similarity between Parks and this case is marked. Just as in Parks, the judge admitted all evidence that the defendant offered in mitigation. As in Parks, the sentencer was legally permitted to consider all of that evidence. Finally, the sentencer in this case remarked:

[A]ny matters dealing with sympathy, outrage, who the victim was, all the matters I just mentioned have no bearing on whether the defendant shall receive the death penalty. And again, I note for the record that I have cited them so the record is clear that I have rejected them, and I have disregarded them in making my decision.

That statement is closer in spirit to the jury instruction that Parks held valid than to the legal prohibition that Eddings held invalid.

Parks restated the "precise holding" of Eddings: "that the State cannot bar relevant mitigating evidence from being presented and considered during the penalty phase of a capital trial." 494 U.S. at 490. Illinois did not transgress this "precise holding" because no rule of state law prevented Wright's childhood from being received in evidence and playing a role in the aggravating-mitigating calculus. In Wright's case this evidence not only was admitted but also played a major role, for the sentencing judge concluded that Wright's childhood had led to "extreme mental or emotional disturbance" that the judge

deemed to be mitigating--though not sufficiently so to outweigh the many aggravating factors.

My colleagues believe that Eddings should be extended so that a capital sentence is valid only if the sentencer's statements demonstrate beyond peradventure that all admissible mitigating evidence has been considered--which as a practical matter means that the sentencer must announce expressly that this has been done (see 288 F.3d 937, 943 n.4). For reasons given in my earlier opinion, and in Mickens v. Taylor, 122 S. Ct. 1237 (2002), a demand along these lines is something that a federal court may make of a federal administrative law judge but not of the state's judiciary. Still, no matter how we evaluate that possibility on the merits, Parks holds that any extension of Eddings may occur only on direct appeal. Wright therefore is not entitled to collateral relief.